MARK REICHEL, State Bar #155034
455 CAPITOL MALL, 8th FLOOR, Suite 802
Sacramento, California  95814
Telephone: (916) 498-9258
FAX:       (888) 505-9331
www.reichellaw.com

Attorney for Defendant
MARIA DICKERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    v.<br><br><br>MARIA DICKERSON<br><br>             Defendant. | Case No. 24-CR-S-252 JAM<br><br>**DEFENSE *SUPPLEMENTAL* MEMORANDUM UNDER THE BAIL REFORM ACT FOR RELEASE**<br><br>Date: September 4,2024<br>Time: 2:00 p.m.<br>Judge: HONORABLE JEREMY D. PETERSON |

Defendant wants to highlight to the Court the legal point that the *facts and weight of the evidence of the underlying charge* are the least important of the factors a district court must consider under the Bail Reform Act. *(United States v. Motamedi (9th Cir. 1985) 767 F.2d 1403.); United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir.1972).

As well, the statute only authorizes detention at for such an offense "in a case that involves" a "serious risk that such person will flee." According to a basic canon of statutory interpretation, a "serious risk" is necessarily more

significant or extreme than an ordinary risk. In addition, the Bail Reform Act's legislative history makes clear that detention for serious risk of flight should occur only in extreme and unusual cases. ("rare case of extreme and unusual circumstances.")[1] When the only possible basis for detention at the Initial Appearance is serious risk of flight, the plain language of § 3142(f)(2)(A) requires the prosecutor must proffer real evidence to demonstrate the case indeed involves a risk that is "serious" — evidence that relates to the client's history and characteristics (e.g., past failures to appear in court) or to the circumstances of the offense (e.g., the client led the police in a high-speed chase). The case law requires that the government must provide evidence, explaining that when the only basis for detention is § 3142(f)(2)(A), a client "may be detained only if the record supports a finding that he presents a serious risk of flight."

    Maria does not pose a "serious risk" of flight as she has lived in the same community for a long time, has no record of failing to appear in court, has extensive family here. She has already surrendered two vehicles to the United States for "restitution" purposes- before being charge.  She has now also signed a stipulation to sell her family home and the proceeds

---

[1] See Bail Reform Act of 1983: Rep. of the Senate Comm. on the Judiciary on S. 215, 98th Cong.. S. REP. NO. 98-147, at 48 (1983) ("Under subsection (f)(2), a pretrial detention hearing may be held upon motion of the attorney for the government or upon the judicial officer's own motion in three types of cases. …[Those types] involving [ ] a serious risk that the defendant will flee … reflect the scope of current case law that recognizes the appropriateness of denial of release in such cases.") (emphasis added) (citing *United States v. Abrahams*, 575 F.2d 3, 8 (1st Cir. 1978) — which held that only a "rare case of extreme and unusual circumstances [ ] justifies pretrial detention" — as representing the "current case law") (emphasis added).

will be paid to restitution. Combined, as of the date of being charged, she will have paid close to $1 million dollars in restitution.  That is the total of the two vehicles and the equity in the home.

    Maria should be released on terms.

DATED: September 4,2024

                              Respectfully submitted

                              *Mark Reichel*

                              MARK REICHEL