MARK REICHEL, State Bar #155034
455 CAPITOL MALL, 8th FLOOR, Suite 802
Sacramento, California 95814
Telephone: (916) 498-9258
FAX:      (888) 505-9331
www.reichellaw.com

Attorney for Defendant
MARIA DICKERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MARIA DICKERSON<br><br>  Defendant. | Case No. 24-CR-S-252 JAM<br><br>**DEFENSE *SECOND SUPPLEMENTAL* MEMORANDUM UNDER THE BAIL REFORM ACT FOR RELEASE**<br><br>Date: September 13,2024<br>Time: 2:00 p.m.<br>Judge: HONORABLE JEREMY D PETERSON |

**MOTION FOR RELEASE**. At the conclusion of a long detention hearing held Wednesday, September 4, 2024, Honorable Magistrate Judge Jeremy D. Peterson stated on the record that "this is a releasable case" if appropriate conditions are set. The Magistrate Judge re iterated on more than one occasion that "this is a releasable case." Defense counsel advised the Court that he would place the matter back on the Monday, September 9, 2024 calendar as he believed that unsecured appearance bonds and Third Party Custodians, as well as a possible property bond, would be available for bail conditions.

There are now appropriate Third Party Custodians and unsecured appearance bonds and property bond also being offered by Ms. Dickerson.  As well, there has now been a repayment of close to $1.7 million dollars in restitution at the time of charging of the indictment, an action rarely done prior to even a first appearance in the district court, let alone a finding of guilty.

Here are the proposed conditions.

<u>Third party custodians</u>:

Kevin Lee Shire.  Commercial truck driver. Long time family friend. Elk Grove, CA

Maria Ricaforte Realtor. Long time friend.
 Fair Oaks, CA

Ivan Gabriel     Son of Maria Dickerson    Age 27

Steven Gabriel Son of Maria Dickerson       Age 25

Both are gainfully employed and are suitable as 3rd Party Custodians as well.

<u>Unsecured appearance bonds.</u>

Kevin Shire    See above

Robert and Josephine Baarsch

Redwood Valley, CA

<u>Property Bond</u>:

All available equity (estimated $120,000)

Home and property at 202 S. Park Rd

Payson, AZ 85541.

Appraised at $300,000    Mortgage $180,000

Owned by Charles Brubaker

**Legal points**[1]. Defendant wants to highlight again to the Court the legal point that the *facts and weight of the evidence of the underlying charge* are the least important of the factors a district court must consider under the Bail Reform Act. *(United States v. Motamedi (9th Cir. 1985) 767 F.2d 1403.)*; *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir.1972). As well, the statute only authorizes detention at for such an offense "in a case that involves" a "serious risk that such person will flee." According to a basic canon of statutory interpretation, a "serious risk" is necessarily more significant or extreme than an ordinary risk. In addition, the Bail Reform Act's legislative history makes clear that detention for serious risk of flight should occur only in extreme and unusual cases. (" *rare case of extreme and unusual circumstances*.")[2] When the only possible basis for detention at the Initial Appearance is serious risk of flight, the plain language of § 3142(f)(2)(A) requires the prosecutor must proffer real evidence to demonstrate the case indeed involves a risk that is "serious" — evidence that relates to the client's history and characteristics (e.g., past failures

---

[1] Defense counsel hopes to prevent a proffer from the government as to the allegations in the indictment against the defendant at the next detention hearing. The issue is serious risk of flight, reasonable assurances that the defendant will appear in court, and the issue is not a prediction of who will win the trial. See the Bail Reform Act.

[2] See Bail Reform Act of 1983: Rep. of the Senate Comm. on the Judiciary on S. 215, 98th Cong.. S. REP. NO. 98-147, at 48 (1983) ("Under subsection (f)(2), a pretrial detention hearing may be held upon motion of the attorney for the government or upon the judicial officer's own motion in three types of cases. …[Those types] involving [ ] a serious risk that the defendant will flee … reflect the scope of current case law that recognizes the appropriateness of denial of release in such cases.") (emphasis added) (citing *United States v. Abrahams*, 575 F.2d 3, 8 (1st Cir. 1978) — which held that only a "rare case of extreme and unusual circumstances [ ] justifies pretrial detention" — as representing the "current case law") (emphasis added).

to appear in court) or to the circumstances of the offense (e.g., the client led the police in a high-speed chase). The case law requires that the government must provide evidence, explaining that when the only basis for detention is § 3142(f)(2)(A), a client "may be detained only if the record supports a finding that he presents a serious risk of flight."

Maria does not pose a "serious risk" of flight as she has lived in the same community for a long time, has no record of failing to appear in court, has extensive family here, has known of the pending charges for 19 months and has not fled- et traveled abroad even. She has already surrendered three vehicles to the United States for "restitution" purposes- all just after being charged. She has now also signed a stipulation to sell her family home and the proceeds will be paid to restitution. Combined, as of the date of being charged, she will have pre paid close to $1.7 million dollars in restitution. That is the total of the three vehicles and the equity in the home.

***To re emphasize***: Maria has just been indicted. The government alleges a $4 million dollar loss. She has not fought against the seizure of her home or vehicles for restitution purposes for almost half of the loss amount- at the same time she has just been officially charged. This is something that rarely ever happens. Maria could very easily fight the charges and make the restitution wait until the end of the case if she is convicted. On the opposite end of that, she has voluntarily signed over this much money for restitution purposes-in the day after she was charged. This has to be weighed in favor of her

release for the most obvious of reasons[3].

    Maria must be released on terms.

DATED: September 10,2024

                                  Respectfully submitted

                                  *Mark Reichel*

                                  MARK REICHEL

---

[3] Is this really the case that Congress and the teachings of the Appellate Courts find as the "rare" and "extremely unusual circumstances"?