PHILLIP A. TALBERT
United States Attorney
KRISTIN F. SCOTT
ROSANNE L. RUST
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>          v.<br><br>MARIA DICKERSON,<br><br>     aka "Dulce Pino,"<br>     aka "Maria Dulce Pino Dickerson,"<br>     aka "Dulce Brubaker,"<br><br>                             Defendant. | Case No. 2:24-CR-00252 JAM<br><br>STIPULATION AND [PROPOSED] ORDER REGULATING DISCOVERY<br><br>FED. R. CRIM. P. 16(d)(1) |

Pursuant to Fed. R. Crim. P. 16(d), the undersigned parties in *United States v. Maria Dickerson, aka "Dulce Pino," aka "Maria Dulce Pino Dickerson," aka "Dulce Brubaker,"* Case No. 2:24-CR-00252-JAM, stipulate and agree, and respectfully request that the Court order that:

1.   The United States possesses discovery material in this case and access to that material will be provided to counsel for the defendant, Maria Dulce Pino Dickerson ("Defendant").  Counsel for Defendant will be provided a filed copy of the Protective Order.  The material, containing "PROTECTED" bates numbers, and any subsequent material disclosed by the government to defense counsel using the "PROTECTED" bates numbering shall be referred to throughout this Stipulation as the "Protected Material."  Disclosure of the Protected Material to counsel for Defendant may be required

pursuant to the government's discovery obligations and, even if not required, will facilitate defense counsel's preparation for trial in this matter.

2. The Parties agree the purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or misuse of the Protected Material.  The purpose of this Protective Order is also to establish the procedures that must be followed by defense counsel, any designated employees, and all other individuals who receive access to the Protected Material in connection with this case.

3. Accordingly, the parties jointly request a Protective Order that will permit the United States to provide sensitive disclosures.  The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the parties' interest in maintaining the safety of cooperating witnesses, the security of personally identifiable information of non-parties, and the integrity of federal court orders, while permitting Defendant the ability to understand the United States' evidence against Defendant.

4. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and Local Rule 141.1.

**PROTECTIVE ORDER**

A.   **Protected Materials**

1. This Order applies to all discovery provided or made available to defense counsel containing "PROTECTED" bates numbers, and any subsequent material disclosed by the government to defense counsel using the "PROTECTED" bates numbering.

2. The Protected Material is now and will forever remain the property of the United States.  The Protected Material is entrusted to counsel for Defendant only for purposes of representation of Defendant during this case.

3. Further, pursuant to this Order, the parties request that the Court permit the United States to provide in discovery any sealed search or seizure warrant affidavits and other sealed process from the investigation of the Defendant.

///

**B.**     **Defense Team**

1. For purposes of this Order, the term "Defense Counsel" refers to Defendant's counsel of record.

2. For purposes of this Order, the term "Defense Team" refers to (1) Defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts (including, but not limited to, mitigation specialists and their staff), and (5) paralegals, legal assistants, and other support staff to Defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include Defendant, the Defendant's family, or other associates of Defendant.

3. Defense Counsel must provide a copy of this Order to all members of the Defense Team. Defense Counsel must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Protected Materials to the members of the Defense Team. The written acknowledgement need not be disclosed or produced to the United States unless ordered by the Court.

**C.**     **Disclosure of Protected Materials**

1. The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including Defendant. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case.

2. Any person receiving access to the Protected Material from the Defense Team shall be bound by the same obligations as defense counsel and, further, may not give the Protected Material to anyone. No members of Defendant's family, friends of Defendant, or associates of Defendant shall be given access to the Protective Material or its contents in any manner.

3. The Defense Team shall maintain a list of persons to whom any portions or copies of the Protected Material are being or have been given. Such persons shall be provided with a copy of this Stipulation and Order and shall sign their full names to a copy of the Stipulation and agree to be

bound by the Order and note that they understand its terms and agree to them by signing.

4. The Defense Team may use any and all of the Protected Material in the defense of their client, Defendant, in the instant case in any manner deemed essential to adequately represent the client (i.e., in motions that are filed under seal, if necessary; in *ex-parte* applications as may be needed; and in reproducing and summarizing the Protected Material for use in trial or sentencing preparation summaries, exhibits and as evidence, as may be needed), consistent with the Protective Order as it shall be originally prepared and signed.  In the event the Defense Team needs to use the Protected Material in a manner not authorized under the present Proposed Protective Order, counsel shall be entitled to seek to have the order amended by the District Court after having given notice to counsel for the government in a hearing before the District Court in order to meet the obligations under the Sixth Amendment to the United States Constitution.

5. The Defense Team is authorized to discuss the contents of the Protected Material with their client and show the Protected Material to their client.  The Defense Team, however, is prohibited from, in any way, giving Defendant: any of the Protected Material, itself; copies of the Protected Material; photographs or recordings of the Protected Material; copies of excerpts of the Protected Material; or summaries of the Protected Material.

6. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

D. **Ensuring Security of Protected Materials**

1. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

2. A copy of the Protective Order must be stored with the discovery, in paper form and/or electronically.

3. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

4. If a member of the Defense Team makes, or causes to be made, summaries, notes, or other documents referencing the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains those materials: "PROTECTED MATERIALS SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel creates and electronic file or folder containing or referencing Protected Materials, that file or folder must be encrypted and marked with the above notation.

E. **Filings**

1. In the event that a party needs to file Protected Materials, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, the party must attempt to file the materials under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact identifying information about the person or persons disclosed in the Protected Material and make all reasonable attempts to limit the divulging of identities of persons disclosed in the Protected Material.

F. **Conclusion of Prosecution**

1. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

2. Upon final disposition of the case file by Defense Counsel, Defense Counsel shall return the Protected Materials to the government or certify in writing that the Protected Materials have been destroyed. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

### G. Termination or Substitution of Counsel

1. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become "Defense Counsel" for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of district court proceedings, for complying with the provisions set forth in each of the paragraphs above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H. Modification of Order

1. Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### I. Violation of Order

1. Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

### J. Application of Laws

1. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

///
///
///
///
///
///
///

2. Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Respectfully Submitted,

Dated: September 16, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ Kristin F. Scott
KRISTIN F. SCOTT
Assistant United States Attorney

Dated: September 16, 2024

/s/ Mark Reichel
MARK REICHEL
Counsel for Defendant
MARIA DULCE PINO DICKERSON

**FINDINGS AND ORDER**

The Court, having read and considered the Stipulation And [Proposed] Order Regulating Discovery, which is incorporated by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

**IT IS SO FOUND AND ORDERED.**

DATED: September 16, 2024

_____
Hon. JEREMY D. PETERSON
United States Magistrate Judge