PHILLIP A. TALBERT
United States Attorney
KRISTIN F. SCOTT
ROSANNE L. RUST
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>MARIA DICKERSON,<br><br>     aka "Dulce Pino"<br>     aka "Maria Dulce Pino Dickerson,"<br>     aka "Dulce Brubaker,"<br><br>                    Defendant. | CASE NO. 2:24-cr-00252-JAM<br><br>**STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER**<br><br>DATE: November 19, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

## STIPULATION

The United States of America, by and through its counsel of record, and Maria Dickerson ("Defendant"), by and through her counsel of record, Mark Reichel, hereby stipulate as follows:

1.  By previous order, this matter was set for status on November 19, 2024.

2.  By this stipulation, the parties now move to continue the **status conference** until **January 07, 2025, at 09:00 a.m.**, and to exclude time between November 19, 2024, and January 07, 2025, under Local Code T4 and 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iv).

3.  Defendant has been indicted on 24 counts of wire fraud in violation of 18 U.S.C. § 1343; one count of securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5; and seven counts of money laundering in violation of 18 U.S.C. § 1957(a). Due to the nature of the

investigation and charges, and the number of alleged victims and third parties involved, discovery in this case has been, and continues to be, voluminous.

    4.    Accordingly, the parties agree and stipulate, and request that the Court find the following:

        a)    The United States has provided, and continues to provide, counsel for Defendant with voluminous discovery in this case, which includes numerous records of FBI and IRS reports, electronic data, text strings, chat logs, hundreds of pages of records from multiple financial institutions and other entities relating to multiple accounts in various names, multiple audio and video recordings, and records from various telephonic and electronic service providers, as well as Internet service providers.  The initial discovery production here was so large that it required an external hard drive to be provided by defense counsel in order to host all of the data.

        b)    Review of the discovery provided by the United States necessitates careful and detailed analysis to follow and trace the flow of funds between multiple individuals, accounts, and businesses, as well as to evaluate the communications, contracts, and multiple other records and recordings turned over.  Accordingly, counsel for Defendant desires additional time to review the voluminous produced discovery and anticipated forthcoming additional discovery, inspect the materials referenced above, consult further with his client, review the 32 current charges and their elements in addition to relevant case law, to understand and conduct his own research into expansive uncharged conduct, and to continue discussion of potential resolutions with his client.

        c)    Counsel for Defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d)    The United States does not object to the continuance given the reasons stated and the complexity of the case.

        e)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 19, 2024 to January 07, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), B(iv) [Local Code T4] because it is a continuance granted at Defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 8, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ *Kristin F. Scott*
KRISTIN F. SCOTT
Assistant United States Attorney

Dated: November 8, 2024

/s/ *Mark J. Reichel*
MARK J. REICHEL
Counsel for Defendant
MARIA DICKERSON

**ORDER**

IT IS SO ORDERED.

Dated: November 14, 2024

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3