MICHELE BECKWITH
Acting United States Attorney
KRISTIN F. SCOTT
ROSANNE L. RUST
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00252 JAM |
| Plaintiff, | **FIFTH STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME** |
| v. | |
| MARIA DICKERSON, | DATE: April 8, 2025 |
| aka "Dulce Pino" aka "Maria Dulce Pino Dickerson," aka "Dulce Brubaker," | TIME: 9:00 a.m. COURT: Hon. John A. Mendez |
| Defendant. | |

**STIPULATION**

The United States of America, by and through its counsel of record, and Maria Dickerson ("Defendant"), by and through her counsel of record, Mark Reichel, hereby stipulate as follows:

1. By previous order, this matter was set for status on April 8, 2025.

2. By this stipulation, the parties now move to continue the status conference until **May 20, 2025, at 09:00 a.m.**, and to exclude time between April 8, 2025, and May 20, 2025, under Local Code T4 and 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iv).

3. Defendant has been indicted on 24 counts of wire fraud in violation of 18 U.S.C. § 1343; one count of securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5; and seven counts of money laundering in violation of 18 U.S.C. § 1957(a). Due to the nature of the

investigation and charges, this case involves counsel reviewing and parsing through a significant number of records and data thoroughly. This data includes numerous financial records depicting years of transactions in, out, and between an array of accounts, including some discovered more recently. Through its paralegal staff, the United States anticipates making an additional production of new and supplemental records imminently. Both parties anticipate using the additional time to review these new materials, which include additional accounts and business records, as well as auto dealership records directly relating to seized assets, assets subject to forfeiture, and assets that the defendant previously signed over to the United States.

4. Accordingly, the parties agree and stipulate, and request that the Court find the following:

    a) The United States has provided, and continues to provide, counsel for Defendant with a significant amount discovery in this case, which includes numerous ongoing investor statements and contacts, many hundreds of pages of financial statements, deposit slips, checks, and signature cards relating to bank accounts for a variety of individuals across multiple financial institutions, social media chatlogs, photographs, multiple lengthy audio and video recordings and their accompanying electronic metadata, subscriber information, and finally, a lengthy historical cell site location report detailing Defendant's GPS coordinates and movement over the span of several years. Counsel will need additional time to find the relevant GPS coordinates related to each charge—this involves reviewing the records, locating dates and specific phone numbers, and checking specific GPS coordinates across multiple years of logs and calls. The United States understands that counsel for Defendant is currently conducting an ongoing and diligent review of records and additional time will be needed due to the volume of information being provided by the United States.

    b) Review of the discovery provided by the United States necessitates (1) careful and detailed analysis to trace the location of individuals across various geographies over multiple years; (2) to follow and trace the flow of additionally-discovered funds between multiple individuals, accounts, and businesses; (3) evaluate

the communications, contracts, and multiple other records and recordings turned over; and (4) conduct Counsel's own investigation into asset tracing and the allegations by the United States pertaining to securities and wire fraud schemes that spanned multiple states and also affected individuals transnationally.  Accordingly, counsel for Defendant desires additional time to review the aforementioned records, to inspect the materials referenced above, to consult further with his client, to understand and research expansive uncharged conduct, and to continue discussion of potential resolutions with his client.

    c)    Counsel for Defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, considering the exercise of due diligence.

    d)    The United States does not object to the continuance given the reasons stated and the complexity of the case.

    e)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 8, 2025 to May 20, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), B(iv) [Local Code T4] because it is a continuance granted at Defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial.

5.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 1, 2025

/s/ *Mark J. Reichel*
MARK J. REICHEL
Counsel for Defendant
MARIA DICKERSON

Dated: April 1, 2025

MICHELE BECKWITH
Acting United States Attorney

/s/ *Kristin F. Scott*
KRISTIN F. SCOTT
Assistant United States Attorney

**ORDER**

IT IS SO ORDERED.

Dated: April 01, 2025

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE