MICHELE BECKWITH
Acting United States Attorney
KRISTIN F. SCOTT
ROSANNE L. RUST
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIA DICKERSON,<br><br>    aka "Dulce Pino"<br>    aka "Maria Dulce Pino Dickerson,"<br>    aka "Dulce Brubaker,"<br><br>Defendant. | CASE NO. 2:24-cr-00252-JAM<br><br>**SIXTH STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME**<br><br>DATE: May 20, 2025<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

The United States of America, by and through its counsel of record, and Maria Dickerson ("Defendant"), by and through her counsel of record, Mark Reichel, hereby stipulate as follows:

1. By previous order, this matter was set for status on May 20, 2025.

2. By this stipulation, the parties now move to continue the status conference until **August 19, 2025**, **at 09:00 a.m.**, and to exclude time between May 20, 2025, and August 19, 2025, under Local Code T4 and 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iv).

3. Defendant has been indicted on 24 counts of wire fraud in violation of 18 U.S.C. § 1343; one count of securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5; and seven counts of money laundering in violation of 18 U.S.C. § 1957(a). Due to the nature of the

investigation and charges, this case requires that counsel review a large volume of discovery. This includes, but is not limited to, numerous financial records depicting years of transactions in, out, and between an array of accounts and reports.

4. Since the parties' last scheduling stipulation, the United States has produced additional discovery, including supplemental reports. The parties have also had communications regarding the applicable loss calculation in this case. Defense counsel has requested additional time to continue reviewing the newer discovery and to gather materials regarding the applicable loss figure in this matter, with the goal to present that information to the United States as soon as practicable.

5. Accordingly, the parties agree and stipulate, and request that the Court find the following:

    a) The United States has provided counsel for Defendant with a significant amount discovery in this case, which includes numerous ongoing investor statements and contacts, many hundreds of pages of financial statements, deposit slips, checks, and signature cards relating to bank accounts for a variety of individuals across multiple financial institutions, social media chatlogs, photographs, multiple lengthy audio and video recordings and their accompanying electronic metadata, subscriber information, and finally, a lengthy historical cell site location report detailing Defendant's GPS coordinates and movement over the span of several years. Defense counsel still needs time to conduct its review of the discovery, including the materials recently produced, and to continue investigating the loss amount in this matter.

    b) Counsel for Defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, considering the exercise of due diligence, especially given his responsibilities to other clients in separate criminal cases.

    c) The United States does not object to the continuance given the reasons stated and the complexity of the case.

    d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      e)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 20, 2025 to August 19, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), B(iv) [Local Code T4] because it is a continuance granted at Defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial.

6.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 12, 2025

MICHELE BECKWITH
Acting United States Attorney

/s/ *Rosanne L. Rust*
ROSANNE L. RUST
Assistant United States Attorney

Dated: May 12, 2025

/s/ *Mark J. Reichel*
MARK J. REICHEL
Counsel for Defendant
MARIA DICKERSON

**ORDER**

IT IS SO ORDERED.

Dated: May 15, 2025

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT      3