MICHELE BECKWITH
Acting United States Attorney
KRISTIN F. SCOTT
ROSANNE L. RUST
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIA DICKERSON,<br>    aka "Dulce Pino"<br>    aka "Maria Dulce Pino Dickerson,"<br>    aka "Dulce Brubaker,"<br><br>Defendant. | CASE NO. 2:24-cr-00252-JAM<br><br>**STIPULATION AND ORDER TO EXCLUDE TIME BETWEEN AUGUST 19, 2025 AND AUGUST 26, 2025**<br><br>DATE: August 26, 2025<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

The United States of America, by and through its counsel of record, and Maria Dickerson ("Defendant"), by and through her counsel of record, Mark Reichel, hereby agree and stipulate as follows:

1. By previous Order and pursuant to agreement by the parties, the Court set this matter for a status hearing scheduled to occur on August 19, 2025.

2. On or about July 13, 2025, this Court *sua sponte* reset the August 19 status hearing to August 26, 2025, and notified the parties through a Minute Order. *See* ECF No. 46. Pursuant to its Order resetting the hearing date to August 26, the parties were "encouraged to file a Notice of Exclusion of Time if amenable and applicable." *Id*.

3.    In accordance with the above Minute Order and upon the parties' own discussion and determination as to the appropriateness of an Exclusion of Time request, the parties hereby make the instant request of this Court to exclude time from August 19, 2025, through August 26, 2025, under Local Code T4 and 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iv).

4.    A federal grand jury indicted Defendant on 24 counts of wire fraud in violation of 18 U.S.C. § 1343; one count of securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5; and seven counts of money laundering in violation of 18 U.S.C. § 1957(a).  Due to the nature of the investigation and charges, this case requires that counsel review a large volume of records, calls, videos, and interviews, in addition to financial transaction data supporting each charge and relevant conduct.  This includes, but is not limited to, numerous financial records depicting years of investor funds deposited, moved, sent, or otherwise moved between an array of accounts at different financial institutions.  The parties are also engaged in ongoing communications related to efforts to calculate investment totals, potential loss, actual loss, and other figures that will potentially impact restitution, forfeiture, fines, and Guidelines ranges.

5.    Since the parties' last filing, counsel for Defendant and the United States have conducted ongoing reviews various sources of data establishing the transactions at issue in this case.  The parties have also communicated regarding the applicable loss calculations and Guidelines at issue.

6.    As a result of ongoing efforts by defense counsel to conduct a detailed review and analysis of the discovery in this case and potential paths to resolution, in support of the necessity for continuity of counsel in such a complex matter, and in light of the *sua sponte* Minute Order resetting the status hearing date, the parties hereby agree, stipulate, and request that this Court find the following:

    a)    The United States has provided counsel for Defendant with a significant number of financial records, and other discovery materials in this case.  Such materials include numerous investor claims; interviews; investor statements; bank account records; investment contracts; deposit slips, checks, and signature cards relating to bank accounts for a variety of individuals across multiple financial institutions; receipts for purchases, including luxury items and travel, across various platforms and services; lengthy social media chatlogs; photographs; multiple lengthy

audio and video recordings and their accompanying electronic metadata; subscriber information; and a lengthy historical cell site location report detailing Defendant's GPS coordinates and movement over the span of several years.  Counsel for Defendant remains in the process of conducted his own detailed analysis and review of these materials and other discovery materials, as he continues to calculate and determine the defense's standpoint on loss amount, restitution, fines, and other types of data related to potential resolutions relevant to this matter.

b)     The parties believe that a sufficient basis exists for requesting that this Court exclude time from August 19, 2025, through the date of the next status hearing on August 26, 2025.  The parties further agree that failure to grant the above-requested time exclusion would deny counsel for Defendant the reasonable time necessary for effective preparation, considering the exercise of due diligence, given his responsibilities to other clients in this and in his other criminal cases.

c)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and Defendant in a trial within the original date prescribed by the Speedy Trial Act.

d)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 19, 2025, through August 26, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), B(iv) [Local Code T4] on the basis of the Court's finding that the ends of justice served by taking such action and excluding such time outweigh the best interest of the public and Defendant in a speedy trial.[1]

7.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

---

[1] 18 U.S.C. § 3161(h)(7) provides for exclusion of time from Speedy Trial Act computation, related to "Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

IT IS SO STIPULATED.

Dated: July 14, 2025                                      MICHELE BECKWITH
                                                          Acting United States Attorney

                                                          /s/ *Kristin F. Scott*
                                                          KRISTIN F. SCOTT
                                                          Assistant United States Attorney


Dated: July 14, 2025                                      /s/ *Mark J. Reichel*
                                                          MARK J. REICHEL
                                                          Counsel for Defendant
                                                          MARIA DICKERSON

**ORDER**

IT IS SO ORDERED.

Dated: July 15, 2025                       /s/ John A. Mendez
                                           THE HONORABLE JOHN A. MENDEZ
                                           SENIOR UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT                    4