ERIC GRANT
United States Attorney
KRISTIN F. SCOTT
ROSANNE L. RUST
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>MARIA DICKERSON,<br><br>       aka "Dulce Pino"<br>       aka "Maria Dulce Pino Dickerson,"<br>       aka "Dulce Brubaker,"<br><br>              Defendant. | CASE NO. 2:24-cr-00252-JAM<br><br>**SEVENTH STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME**<br><br>DATE: September 23, 2025<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

The United States of America, by and through its counsel of record, and Maria Dickerson ("Defendant"), by and through her counsel of record, Mark Reichel, hereby agree and stipulate as follows:

1.      A federal grand jury indicted Defendant on 24 counts of wire fraud in violation of 18 U.S.C. § 1343; one count of securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5; and seven counts of money laundering in violation of 18 U.S.C. § 1957(a). Due to the nature of the investigation and charges, this case requires that counsel review a large volume of records, calls, videos, and interviews, in addition to financial transaction data supporting each charge and relevant conduct. This includes, but is not limited to, numerous financial records depicting years of investor

1  funds deposited, moved, sent, or otherwise moved between an array of accounts at different financial
2  institutions.  The parties are also engaged in ongoing communications related to efforts to calculate
3  investment totals, potential loss, actual loss, and other figures that will potentially impact restitution,
4  forfeiture, fines, and Guidelines ranges.

5      2.    By previous Order, this Court *sua sponte* reset an August 19 status hearing to August 26,
6  2025, and notified the parties through a Minute Order.  *See* ECF No. 46.  Subsequently, the Court
7  granted the parties' joint request for an Exclusion of Time through August 26, 2025.

8      3.    During the interim period, the parties have engaged in additional informative and
9  material discussions about the facts of the case, the anticipated direction of the case, and various
10 applicable methods of restitution calculation and satisfaction.  This discussion has involved a thorough
11 review of financial records and investment paperwork relating to approximately 155 investors involved
12 in Defendant's charged conduct and relevant conduct. The parties have also actively been engaging in a
13 review of applicable evidentiary materials, including voluminous bank records, recordings, and
14 contracts, and their application to the case and any potential impacts on sentencing calculations.  A
15 significant issue that demands a substantial amount of time, attention, and work for both sides is the
16 separate issues of loss and restitution arising from Defendant's alleged offense and relevant conduct.
17 The issue of loss, in particular, will be critical to calculations of potential Guidelines in this case and
18 counsel wishes to be well-versed and fully informed to ensure accurate representations to Defendant to
19 the best of his abilities based on the currently available information.

20     4.    As part of these ongoing efforts, counsel for Defendant has reviewed a substantial and
21 voluminous set of bank records, subscriber records, chatlogs, investment contracts, recorded audio calls,
22 reports of interviews, a lengthy Excel table of IRS complex calculations to ascertain net loss per
23 investor, and multiple lengthy Excel tables containing additional IRS complex asset and fund tracing for
24 an array of personal and real properties tied to Defendant and her conduct.  Counsel is well-versed in
25 this matter and wishes to continue representing Defendant to maintain continuity of counsel and to
26 continue his effective preparation for the next stage of this case.

27     5.    As a result of ongoing efforts by defense counsel to conduct a detailed review and
28 analysis of pertinent materials in this case, and in support of the necessity for continuity of counsel in

such a complex matter, the parties hereby jointly agree, stipulate, and request that this Court find the following:

    a)    The United States has provided counsel for Defendant with a voluminous set of investigative materials in this case.  Such materials include numerous investor claims; interviews; investor statements; bank account records; investment contracts; deposit slips, checks, and signature cards relating to bank accounts for a variety of individuals across multiple financial institutions; receipts for purchases, including luxury items and travel, across various platforms and services; lengthy social media chatlogs; photographs; multiple lengthy audio and video recordings and their accompanying electronic metadata; subscriber information; and a lengthy historical cell site location report detailing Defendant's GPS coordinates and movement over the span of several years.  Counsel for Defendant is thoroughly reviewing the materials, applying them to his theory of the case and loss calculations, and conducting his own detailed analysis to determine the potential loss amount, restitution, fines, and other data points that may critically impact his representation in this matter and his continued discussions with the United States about such data points;

    b)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 13, 2025, through September 23, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), B(iv) [Local Code T4] on the basis of the Court's finding that the ends of justice served by taking such action and excluding such time outweigh the best interest of the public and Defendant in a speedy trial[1]; and

    c)    Accordingly, the parties believe that sufficient grounds exist under the Local Rules which allow for this Court to exclude time from August 13, 2025, through the date of the requested status hearing on September 23, 2025.  The parties further

---

[1] 18 U.S.C. § 3161(h)(7) provides for exclusion of time from Speedy Trial Act computation, related to "Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

agree that failure to grant the above-requested time exclusion would deny counsel for Defendant the reasonable time necessary for effective preparation, considering the exercise of due diligence, given his responsibilities to other clients in this and in his other criminal cases; and

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: August 13, 2025

ERIC GRANT
United States Attorney

/s/ *Kristin F. Scott*
KRISTIN F. SCOTT
Assistant United States Attorney

Dated:

/s/ *Mark J. Reichel*
MARK J. REICHEL
Counsel for Defendant
MARIA DICKERSON

**ORDER**

Based on the stipulation of the parties, the August 26, 2025 status conference is **CONTINUED** to **Tuesday, September 23, 2025, at 09:00 a.m**., before Senior District Judge John A. Mendez.

Time is **EXCLUDED** through September 23, 2025, as described in the parties' Stipulation.

IT IS SO ORDERED.

August 18, 2025

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE