ERIC GRANT
United States Attorney
KRISTIN F. SCOTT
ROSANNE L. RUST
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>MARIA DICKERSON,<br>　　aka "Dulce Pino"<br>　　aka "Maria Dulce Pino Dickerson,"<br>　　aka "Dulce Brubaker,"<br><br>　　　　　　　　Defendant. | CASE NO. 2:24-cr-00252-JAM<br><br>**EIGHTH STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME**<br><br>DATE: September 23, 2025<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

The United States of America, by and through its counsel of record, and Maria Dickerson ("Defendant"), by and through her counsel of record, Mark Reichel, hereby agree and stipulate as follows:

1.　A federal grand jury indicted Defendant on 24 counts of wire fraud in violation of 18 U.S.C. § 1343; one count of securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5; and seven counts of money laundering in violation of 18 U.S.C. § 1957(a). Due to the nature of the investigation and charges, this case requires that counsel review a large volume of records, calls, videos, and interviews, in addition to financial transaction data supporting each charge and relevant conduct. This includes, but is not limited to, numerous financial records depicting years of investor

funds deposited, moved, sent, or otherwise moved between an array of accounts at different financial institutions. The parties are also engaged in ongoing communications related to efforts to calculate investment totals, potential loss, actual loss, and other figures that will potentially impact restitution, forfeiture, fines, and Guidelines ranges.

2. By previous Order, this Court granted the parties' joint request to continue the status hearing and exclude time through September 23, 2025. ECF No. 51.

3. By this stipulation, the parties now move to continue the **status conference** until **December 09, 2025, at 09:00 a.m.**, and to exclude time between September 23, 2025, and December 09, 2025, under Local Code T4 and 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iv).

4. The parties have continued to discuss the facts of the case, in particular the loss and restitution figures at issue. In an effort to try and determine those figures, defense counsel has continued to review discovery, along with other materials he received from Defendant.

5. Additionally, defense counsel has been ill with COVID and he has been representing another client in a state court trial. That trial is expected to continue through next week, including on the date of the currently scheduled status hearing.

6. In support of the necessity for continuity of counsel in such a complex matter, and as a result of ongoing efforts by defense counsel to conduct a detailed review and analysis of pertinent materials in this case, and his need for additional time to do so, the parties hereby jointly agree, stipulate, and request that this Court find the following:

    a) The United States has provided counsel for Defendant with a voluminous set of investigative materials in this case. Such materials include numerous investor claims; interviews; investor statements; bank account records; investment contracts; deposit slips, checks, and signature cards relating to bank accounts for a variety of individuals across multiple financial institutions; receipts for purchases, including luxury items and travel, across various platforms and services; lengthy social media chatlogs; photographs; multiple lengthy audio and video recordings and their accompanying electronic metadata; subscriber information; and a lengthy historical cell site location report detailing Defendant's GPS coordinates and movement over the span of several years. Counsel for

Defendant is continuing to review the materials, applying them to his theory of the case and loss calculations, and conducting his own detailed analysis to determine the potential loss amount, restitution, fines, and other data points that may impact his representation in this matter and his continued discussions with the United States about such data points;

b) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 23, 2025, through December 9, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), B(iv) [Local Code T4] on the basis of the Court's finding that the ends of justice served by taking such action and excluding such time outweigh the best interest of the public and Defendant in a speedy trial[1]; and

c) Accordingly, the parties believe that sufficient grounds exist under the Local Rules which allow for this Court to exclude time from September 23, 2025, through the date of the requested status hearing on December 9, 2025. The parties further agree that failure to grant the above-requested time exclusion would deny counsel for Defendant the reasonable time necessary for effective preparation, considering the exercise of due diligence, given his responsibilities to Defendant, and given his responsibilities to other clients in his other criminal cases, which include representing some of them in upcoming trials; and

---

[1] 18 U.S.C. § 3161(h)(7) provides for exclusion of time from Speedy Trial Act computation, related to "Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

7. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

ERIC GRANT
United States Attorney

Dated: September 16, 2025

*/s/ Rosanne Rust*
ROSANNE L. RUST
Assistant United States Attorney

Dated: September 16, 2025

/s/ *Mark J. Reichel*
MARK J. REICHEL
Counsel for Defendant
MARIA DICKERSON

## ORDER

IT IS SO ORDERED.

Dated: September 16, 2025

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE