**MARK REICHEL, State Bar #155034**
**REICHELLAW PC**
455 Capitol Mall, Suite 802
Sacramento, CA  95814
Telephone: 916.548.7398
Facsimile: 888.505.9331
Email: mark@reichellaw.com

Attorney for Defendant
MARIA DICKERSON

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 2:24-cr-00252-JAM |
| | ) |
| Plaintiff, | ) **STIPULATION CONTINUING CHANGE** |
| | ) **OF PLEA HEARING TO MARCH 10,** |
| | ) **2026, AT 9:00 AM AND FOR** |
| vs. | ) **EXCLUDABLE TIME PERIODS UNDER** |
| | ) **SPEEDY TRIAL ACT AND ORDER** |
| | ) |
| | ) DATE: MARCH 10, 2026 |
| MARIA DICKERSON, | ) TIME: 9:00 AM |
| | ) COURT: Hon. JOHN A. MENDEZ |
| Defendant | ) |
| | ) |
| | ) |
| | ) |

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney, Dhruv M. Sharma, and defendant, by and through their counsel of record, Mark J. Reichel, hereby stipulate as follows:

1. By stipulation, the defendant moves to continue the Change of Plea hearing to March 10, 2026, at 9:00 AM, and to exclude time between February 10, 2026, and March 10, 2026 under Local Code T4.

*Stipulation & Order to Continue Change of Plea Hearing*
*1*

2. This short continuance is necessary as the parties have agreed in principle to all terms of a plea agreement, however, the defense desires minimal alteration to the factual basis.

3. The defendant is housed in Marysville jail, one hour away from Sacramento, and quick changes to a plea agreement are made very difficult by that drive time. Defense counsel is also unavailable and in trials and other hearings from the date of this stipulation to March 10, 2026.

4. The government does not object to the continuance.

5. Further, defense counsel is currently finalizing mitigating information, with defense investigation based on concurrent civil litigation in the matter in Sacramento Superior Court, as well as re-calculating loss amount, losses to certain investors, and continuing to investigate matters as they relate to the change of plea negotiations. Due to the nature of the investigation and charges, this case requires that counsel review a large volume of records, calls, videos, and interviews, in addition to financial transaction data supporting each charge and relevant conduct. This includes, but is not limited to, numerous financial records depicting years of investor funds deposited, moved, sent, or otherwise moved between an array of accounts at different financial institutions. As part of these ongoing efforts, counsel for Defendant has reviewed a substantial and voluminous set of bank records, subscriber records, chatlogs, investment contracts, recorded audio calls, reports of interviews, a lengthy Excel table of IRS complex calculations to ascertain net loss per investor, and multiple lengthy Excel tables containing additional IRS complex asset and fund tracing for an array of personal and real properties tied to Defendant and her conduct. This review of voluminous discovery is required to calculate investment totals, potential loss, actual loss, and other figures that will potentially impact restitution, forfeiture, fines, and Guidelines ranges, and is necessary to inform plea negotiations or prepare for trial if plea negotiations fail. Defense counsel is well-versed in this matter and wishes to continue

representing Defendant to maintain continuity of counsel and to continue his effective preparation for the next stage of this case.

6. Based on the above findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act because the failure to grant such a continuance would deny the Defendant continuity of counsel and would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. For the purposes of computing time under the Speedy Trial Act, 18 U.S.C. §3161, et seq. within which trial must commence, the time period of February 10, 2026, to March 10, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C. §3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.

8. Nothing in the stipulation and order shall preclude a finding that the other provisions of the Speedy Trial Act dictate the additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated: February 3, 2026                              Eric Grant
                                                     United States Attorney


                                                     */s/DHRUV M. SHARMA*
                                                     DHRUV M. SHARMA
                                                     Assistant United States Attorney

Dated: February 3, 2026                              REICHELLAW PC


                                                     */s/ MARK REICHEL*
                                                     MARK REICHEL
                                                     Counsel for Defendant
                                                     Maria Dickerson

**ORDER**

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court vacates the February 10, 2026, Change of Plea hearing and **RESETS** the matter for **March 10, 2026, at 9:00 AM.** The Court specifically finds that based on the facts set forth in the parties' stipulation, the failure to exclude the time would deny counsel reasonable time necessary for effective preparation, considering the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from February 10, 2026, to and including March 10, 2026, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. §3161(h)(7)(A), B(iv) [Local Code T4].

IT IS SO ORDERED.

Dated: February 03, 2026

_____
JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE